UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

                Plaintiff,

    v.

JOSE BRIONES, et al.,

               Defendants.

Case No. C20-536-RAJ-MLP

ORDER DENYING MOTION TO APPOINT COUNSEL

       This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is Plaintiff's motion to appoint counsel. (Dkt. # 12.) Plaintiff seeks the appointment of counsel because he is overwhelmed by proceeding *pro se* in this case and in a criminal case filed against him in state court. He also claims he has no prior experience with the law and that there is no law library at the Island County Jail where he is held. Defendants oppose the motion, arguing that he has not shown a likelihood of success on the merits and that his claimed denial of access to a law library is false. (Dkt. # 13.) Defendants present evidence that Plaintiff has access to a law library, uses it regularly, and has been able to send and receive legal mail. (Dkt. # 14.)

       Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the

ORDER DENYING MOTION TO APPOINT
COUNSEL - 1

voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Based on the allegations in Plaintiff's complaint, this case does not involve complex facts or law. And despite Plaintiff's feelings of overwhelm, he appears able to articulate his claims *pro se* in light of the complexity of the legal issues involved, as evidenced by the fact that the Court deemed his complaint serviceable. In addition, Plaintiff has not shown that he is likely to prevail on the merits of his claim. Accordingly, exceptional circumstances do not exist and Plaintiff's motion to appoint counsel (dkt. # 12) is DENIED.

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 16th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 2