UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

                Plaintiff,

    v.

JOSE BRIONES, et al.,

               Defendants.

Case No. C20-536-RAJ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner, a pretrial detainee at the Island County Jail, brings this 42 U.S.C. § 1983 action *pro se*. Currently before the Court is Plaintiff's motion seeking a temporary restraining order directing Defendants to move him to a different facility pending his state court trial. (Mot (Dkt. # 16).) Defendants oppose the motion on procedural grounds. (Dkt. # 17.) The Court recommends that the motion be DENIED on the merits.

## II.    BACKGROUND

Plaintiff argues that Defendants violated the Eighth Amendment's Cruel and Unusual Punishment Clause by housing him in administrative segregation between March 24, 2020, and April 28, 2020. (Mot. at 1.) He further argues that since April 28, 2020, Defendants have

REPORT AND RECOMMENDATION - 1

continued to violate his constitutional rights by housing him on the mental health ward, which prevents him from defending himself in two pending criminal matters in which he is proceeding *pro se*. (*Id.* at 2.) He alleges Defendant William Becker is denying him access to the Courts and making knowingly false statements while conspiring with the prosecuting attorney. (*Id.*) Plaintiff claims that he will suffer irreparable harm before Defendants can be heard in opposition. (Mot. at 2.) Plaintiff attached exhibits demonstrating that Defendants have provided him with law library access and that he filed a grievance claiming that a Jail employee refused to sign a financial notice for this Court in another case. (*See* Dkt. # 16-1.)

### III.    DISCUSSION

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

As an alternative to this test, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply" in the moving party's favor, thereby allowing preservation of the status quo when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). However, the "serious questions" approach supports a court's entry of a

TRO only so long as the moving party also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of persuasion and must make a clear showing that he is entitled to such relief. *Winter*, 555 U.S. at 22.

Plaintiff's submissions are wholly inadequate to establish either serious questions or a likelihood of success on the merits of his claims. Plaintiff's motion is not sworn under penalty of perjury and does not itself constitute evidence that could support his claims. *See Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). Even if it was sworn under penalty of perjury, most of his assertions are conclusory and would be insufficient to support his claims. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (unsupported conjecture and conclusory statements are insufficient to establish claims). Furthermore, Plaintiff's only allegation of ongoing harm is that he is housed in the mental health ward and allegedly has not been able to prepare for his criminal proceedings or obtain a financial notice for a different case. These claims should be raised in the cases to which they are relevant, not in this case, where there is no competent evidence Plaintiff is being denied access to the Court.

## IV. CONCLUSION

The Court recommends that Plaintiff's motion for a temporary restraining order (dkt. # 16) be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on July 24, 2020.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Richard A. Jones.

Dated this 30th day of June, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4