UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

         Plaintiff,

   v.

JOSE BRIONES, et al.,

         Defendants.

Case No. C20-536-RAJ-MLP

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

Plaintiff, a pretrial detainee at the Island County Jail, brings this 42 U.S.C. § 1983 action *pro se*. Currently before the Court is Plaintiff's motion seeking a temporary restraining order ("TRO") transferring him to a different facility pending his state court criminal trial. (Mot (Dkt. # 27).) This is the second motion Plaintiff has filed seeking this emergency relief.[1] Defendants did not file a notice of intent to oppose Plaintiff's motion.

---

[1] Judge Peterson recommended that Plaintiff's first motion seeking a temporary restraining order be denied, and her Report and Recommendation will be ripe for the Court's consideration on July 24, 2020, if no objections are filed. (Dkt. # 25.)

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER - 1

Having considered Planitff's submissions, the balance of the record, and the governing law, the Court DENIES the motion for a TRO.

## II. BACKGROUND

Plaintiff filed this action against Jose Briones, the Chief Administrator at the Jail, and William Becker, a Lieutenant at the Jail, seeking monetary damages and an order transferring him to another jail. (Compl. (Dkt. # 6).) He alleges that Jail staff violated his constitutional rights by failing to respond when inmates threatened to kill him, kicked his door, and sprayed urine into his cell. (*Id.* at 4-6.) He also alleges Lt. Becker violated his federal and constitutional rights by stopping his store ordered candy, which he purchased because he is diabetic and needs to be able to manage low blood sugar levels. (*Id.* at 7-8.) The Court directed that his complaint be served on Defendants, Defendants have filed an answer, and the Court set discovery and dispositive motions deadlines. (*See* Dkt. ## 8, 21, 24.)

In his motion for a TRO, Plaintiff claims Defendants are denying him access to the law library even though he is proceeding *pro se* in his criminal matter; he is being housed in the mental health ward, which amounts to cruel and unusual punishment; and staff are reading his legal documents, destroying vital information for his criminal case, and have confiscated his original filings in this case. (*See* Mot.)

## III. DISCUSSION

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standard for issuing a TRO is the same as the standard for

issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

As an alternative to this test, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply" in the moving party's favor, thereby allowing preservation of the status quo when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). However, the "serious questions" approach supports a court's entry of a TRO only so long as the moving party also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of persuasion and must make a clear showing that he is entitled to such relief. *Winter*, 555 U.S. at 22.

As discussed below, even assuming Plaintiff may seek a TRO based on alleged violations that are not included in his complaint, Plaintiff fails to establish a likelihood of success or serious questions going to the merits of his claims. As this issue is dispositive, the Court need not consider the remaining *Winter* factors.

### A.  Access to the Courts

To establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Assuming Plaintiff satisfies the first element, he has not shown an actual injury with respect to this case. The discovery deadline is not until October 30, 2020, and he may request an extension for good cause. In addition, if Plaintiff no longer has access to a copy of his complaint, he can request one from the Court.[2]

### B.  Conditions of Confinement

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners, while the punishment of pretrial detainees is prohibited by the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they

---

[2] Plaintiff's alleged inability to prepare for his state criminal case because of limited access to the law library and the descruction of his legal documents should be addressed to the state court, not this one.

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER - 4

merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017). The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).[3] A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that objective. *Kingsley*, 576 U.S. at 397-98.

Plaintiff makes the conclusory allegation that "forcing a sane person to live with the mentally ill" constitutes cruel and unusual punishment. (Mot. at 2.) But this claim is insufficient to establish a likelihood of success or serious questions going to the merits when reviewed under the legal standards outlined above.

---

[3] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond denial of medical care, failure-to-protect, and excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)); *see also Smith v. Washington*, 781 Fed. Appx. 595, 597 (9th Cir. 2019) (applying objective deliberate indifference test to civil detainees' conditions of confinement claim alleging that state officials violated their constitutional rights by exposing them to environmental tobacco smoke).

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER - 5

## IV. CONCLUSION

The Court DENIES Plaintiff's motion for a temporary restraining order. (Dkt. # 27.)

Dated this 13th day of July, 2020.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge