UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

                Plaintiff,

    v.

JOSE BRIONES, et al.,

               Defendants.

Case No. C20-536-RAJ-MLP

ORDER RE: PLAINTIFF'S DISCOVERY AND EVIDENCE MOTIONS

## I. INTRODUCTION

Plaintiff, a pretrial detainee at the Island County Jail, brings this 42 U.S.C. § 1983 action *pro se*. Currently pending before the Court are Plaintiff's: (1) "Motion for Submitting of Additional Evidence and Further Claim of Injury" (dkt. # 22); (2) Motion for Discovery (dkt. # 26); and (3) Motion for Subpoenas (dkt. # 38) ("Plaintiff's Motions"). Defendants did not file an opposition to Plaintiff's Motions. For the reasons explained below, Plaintiff's Motions (dkt. ## 22, 26, 38) are DENIED and STRICKEN.

## II. BACKGROUND

On April 24, 2020, Plaintiff filed his § 1983 complaint in this matter alleging that Defendants violated his rights under the Eighth and Fourteenth Amendment. (Pl.'s Compl. (Dkt.

# 6) at 4-8.) Under his first count, Plaintiff alleges that between March 10, 2020, and March 17, 2020, Plaintiff was subjected to cruel and unusual punishment under the Eighth Amendment by Island County Corrections Chief Jail Administrator Jose Briones after various inmates threw urine into his cell and Defendants failed to intervene. (*Id.* at 4-5.) Under his second count, Plaintiff alleges that his Fourteenth Amendment right to equal protection was violated by Defendant Briones because prison officials failed to move him to a new cell after inmates threw urine into his cell. (*Id.* at 6-7.) Finally, Plaintiff alleges that Island County Corrections Lieutenant William Becker violated his Eighth and Fourteenth Amendment rights by denying him access to store items that included sugar, which Plaintiff sought to help correct low blood sugar issues arising as a complication of managing his diabetes. (*Id.* at 7-8.)

Plaintiff additionally has filed two other pending § 1983 actions involving both Defendants in this Court. On June 12, 2020, Plaintiff filed a § 1983 complaint in *Gates v. Becker, et al.*, Cause No. C20-611-JCC-MAT (dkt. # 6), alleging that Defendant Becker interfered with Plaintiff's access to the courts by opening his legal mail outside of his presence and by not providing him a copy of his prison account balance. *Id.* at 4-8. On July 6, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis* in *Gates v. Briones, et al.*, Cause No. C20-895-JCC-MAT (dkt. # 4). Plaintiff's attached § 1983 complaint in that matter raises claims alleging that Defendants Briones and Becker violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in administrative segregation and that Defendant Becker is denying him access to the courts because the Island County Jail does not have a law library and because Defendant Becker failed give him his account balance. *Id.* (dkt. # 4-1 at 4-6.)

ORDER RE: PLAINTIFF'S DISCOVERY
AND EVIDENCE MOTIONS - 2

1        In Plaintiff's "Motion for Submitting of Additional Evidence and Further Claim of
2   Injury," Plaintiff seeks to introduce various exhibit evidence concerning his incarceration in
3   Island County into the record. (Dkt. # 22 at 1-3, 7-11.) This evidence includes: (1) copies of
4   records and grievance forms related to Plaintiff's legal mail (Exs. 1-2, 26-27); (2) copies of
5   grievance forms and correspondence related to Plaintiff being denied store items due to his
6   diabetic diet restrictions (Exs. 3, 10-14); (3) copies of correspondence and grievance forms
7   related to Plaintiff's claims regarding urine being thrown in his cell (Exs. 4-5,7-8); (4) copies of
8   correspondence and grievance forms related to Plaintiff's being placed in administrative
9   segregation (Exs. 6, 9); and (5) copies of correspondence and grievance forms related to being
10  denied a copy of his prison account balance and his access to the courts (Exs. 15-24). (Dkt. # 22
11  at 6-47.) Plaintiff additionally submitted a letter, addressed to this Court, making several
12  allegations involving various court officials and law enforcement involved in his case. (*Id.* at 48-
13  50.)

14       Plaintiff's Motion for Discovery and Motion for Subpoenas both seek to have the Court
15  issue Plaintiff subpoenas that he intends to submit as discovery requests to Defendants. (Dkt.
16  ## 26, 38.) In his Motion for Subpoenas, Plaintiff notes that he intends to request electronically
17  stored information allegedly in possession of the Defendants concerning his placement in
18  administrative segregation and to rebut Defendants' qualified immunity defense recently
19  submitted in Defendants' Motion for Summary Judgment (dkt. # 33) ("Defendants' Motion").
20  (Dkt. # 38 at 1-2.) Plaintiff also seeks subpoenas to request offender kites related to a newly
21  asserted access to the courts claim. (*Id.* at 2.)

22

23

### III. DISCUSSION

#### A. Additional Evidence and Further Claim of Injury

Plaintiff's "Motion for Submitting of Additional Evidence and Further Claim of Injury," submits to the Court several documents containing factual allegations, claims, and/or exhibits partially in support of Plaintiff's claims in this matter. (Dkt. # 22, Exs. 3-5, 7-8, 10-14.) However, a large portion of the evidence submitted by Plaintiff supports claims he did not assert in this matter— and instead, relate to claims asserted in his other § 1983 complaints—regarding Defendants' alleged interference with his legal mail, access to courts, and being placed in administrative segregation. (Dkt. # 22, Ex. 1-2, 6-9, 15-24, 26-27.)

Plaintiff's attempt to submit additional evidence in this matter is improper. Evidence may not be randomly submitted to the Court; there must be some context for consideration of the proffered evidence. Typically, evidence is submitted to the Court in support of, or in opposition to, a pending motion. If Plaintiff wishes to add factual allegations to his complaint, he should seek leave of court to file an amended complaint, together with a proposed amended pleading, pursuant to Local Civil Rule 15. Alternatively, if Plaintiff desires to put the evidence in front of the Court due to Defendants' Motion, Plaintiff should submit the evidence with his response to Defendants' Motion. Furthermore, any evidence, exhibits, or arguments pertaining to claims brought in Plaintiff's other § 1983 actions are not relevant here and must be submitted in the actions to which they specifically pertain as Plaintiff will not be permitted to litigate the same claims across multiple cases.

The evidence submitted by Plaintiff is not properly before the Court. Therefore, Plaintiff's "Motion for Submitting of Additional Evidence and Further Claim of Injury" is stricken.

**B.     Motion for Discovery and Motion for Subpoenas**

Federal Rule of Civil Procedure 45(a)(3) requires that, upon a party's request, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. *See Trueblood v. Cappola*, 2020 WL 4059523, at *1 (W.D. Wash. July 20, 2020). Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena may direct a non-party to an action to produce documents for inspection. However, a party's reliance on a subpoena is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) and by the court's duty under Federal Rule of Civil Procedure 45(d)(1) to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena."

Here, as leave of court is not required for plaintiff to obtain a subpoena pursuant to Federal Rule of Civil Procedure 45(a)(3), that portion of plaintiff's motion is stricken as unnecessary. The clerk will issue Plaintiff the requested subpoenas, though the subpoenas will be issued in blank and it will be plaintiff's responsibility to complete the subpoenas. However, it appears Plaintiff aims to use subpoenas to request discovery information from Defendants. Rule 45 is not the proper discovery tool to obtain information from a party. Plaintiff should make his requested discovery through the appropriate discovery methods outlined in the Federal Rules of Civil Procedure regarding any evidence sought within the possession, custody, or control of Defendants.

Accordingly, the Court, having reviewed Plaintiff's Motions, and the balance of the record, hereby ORDERS:

(1)     Plaintiff's "Motion for Submitting of Additional Evidence and Further Claim of Injury" (dkt. # 22) is DENIED and STRICKEN;

(2)     Plaintiff's Motion for Discovery (dkt. # 26) and Motion for Subpoenas (dkt. # 38) are DENIED and STRICKEN;

(3)     The Clerk is directed to issue five subpoenas, in blank, and send them to Plaintiff at his address of record.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 3rd day of August, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge